FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLENN B. SPILLMAN,<br><br>                    Petitioner - Appellant,<br><br>    v.<br><br>VINCENT CULLEN, Warden,<br><br>                    Respondent - Appellee. | No. 12-15718<br><br>D.C. No. 3:10-cv-04980-CRB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Submitted December 8, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, N.R. SMITH, and HURWITZ, Circuit Judges.

Glenn Barry Spillman appeals the denial by the district court of his 28 U.S.C.

§ 2254 petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C.

§§ 1291 and 2253, and affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**1.** The decision by the California Court of Appeal that the state trial court did not abuse its discretion in excluding certain evidence offered to show third-party culpability was not unreasonable. *See* 28 U.S.C. § 2254(d)(1) (allowing habeas relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"). The evidence was excluded under California Evidence Code § 352, a neutral evidentiary rule similar to Federal Rule of Evidence 403 that is neither facially arbitrary nor disproportionate to the purpose it seeks to serve. *See Holmes v. South Carolina*, 547 U.S. 319, 324–27 (2006); *Mejia v. Garcia*, 534 F.3d 1036, 1047 n.5 (9th Cir. 2008). Spillman was not denied the right to a defense because he was able to present other evidence in support of his third-party culpability defense. *See United States v. Scheffer*, 523 U.S. 303, 316 (1998) (rejecting the argument "that the defendant is denied a fair opportunity to defend himself whenever a state or federal rule excludes favorable evidence").

**2.** Spillman raised two uncertified issues on appeal. Spillman's arguments are "construed as a motion to expand" the certificate of appealability, Ninth Circuit Rule 22-1(e), and this motion is denied.

**AFFIRMED**.